UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBIN GONZALEZ RODRIGUEZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| DAVID WESLING, Field Office Director of | * | Civil Action No. 1:26-cv-11247-IT |
| Enforcement and Removal Operations, | * | |
| Boston Field Office, U.S. Immigration and | * | |
| Customs Enforcement et al., | * | |
| | * | |
| Respondents. | * | |
| | * | |

<u>MEMORANDUM & ORDER</u>

March 20, 2026

TALWANI, D.J.

Petitioner Robin Gonzalez Rodriguez entered the United States in 2021. Pet. ¶¶ 1, 23 [Doc. No. 1]. On February 20, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents detained Petitioner while he was delivering a package on behalf of his employer to Hanscom Air Force Base in Bedford, Massachusetts. Id. ¶¶ 1, 16, 24. ICE took Petitioner to the agency's field office in Burlington, Massachusetts, and subsequently transferred him to the Plymouth County Correctional Facility in Plymouth, Massachusetts, where he is presently held. Id. ¶¶ 2, 24, 28.

Petitioner requested a custody redetermination hearing (a "bond hearing") pursuant to 8 C.F.R. § 1236. Id. ¶ 29. On March 12, 2026, an Immigration Judge denied Petitioner's bond request, stating that "[t]he Immigration Court lacks jurisdiction over the custody redetermination hearing pursuant to INA 235(b)(2). See Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025)." Pet., Ex. 1, Order of the Immigr. Judge 1–2 [Doc. No. 1-2].

That day, Petitioner filed the pending Petition for Writ of Habeas Corpus [Doc. No. 1] seeking release from custody, or, in the alternative, "a bond hearing pursuant to 8 U.S.C. § 1226(a)." Id. at ECF 12. Petitioner asserts that (1) he is subject to detention only under 8 U.S.C. § 1226(a), rather than under 8 U.S.C. § 1225(b)(2); and (2) in failing to provide Petitioner with a bond hearing, Respondents have violated Petitioner's right to due process under the Fifth Amendment to the U.S. Constitution. Id. ¶¶ 51–57.

In their abbreviated Response [Doc. No. 6], Respondents "submit that the legal issues present in this Petition are similar to those recently addressed by this Court in Doe v. Moniz[, 800 F. Supp. 3d 203 (D. Mass. 2025)] and Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025)." Id. at 1. Respondents acknowledge that "[s]hould the Court follow its reasoning in Doe v. Moniz and Escobar v. Hyde, it would reach the same result here." Id. at 1–2.

In a footnote, Respondents argue that, in the alternative, "the Court should dismiss this Petition because Petitioner appears to be a member of the class certified in Guerrero Orellana v. Moniz, Civil Action No. 25-cv-12664-PBS, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025)[,]" although Respondents "recognize that this argument was rejected by the Guerrero Orellana court in its order granting class certification [on October 30, 2025]." Id. at 2 n.2. The court takes judicial notice of that case.

In Guerrero Orellana, a judge in this District issued a partial final judgment declaring that class members are not subject to detention under 8 U.S.C. § 1225(b)(2) but under 8 U.S.C. § 1226(a) and are thus entitled to "access to consideration for release on bond and/or conditions before immigration officers and Immigration Judges." __ F. Supp. 3d __, 2025 WL 3687757, at *10 (D. Mass. Dec. 19. 2025); see Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS, Doc. No.

2

144 (D. Mass. Jan. 21, 2026) (clarifying that the certified class "includes all individuals who satisfied the class definition on or after September 22, 2025, or who satisfy the class definition in the future"). The court finds nothing in this declaratory judgment to restrict its habeas jurisdiction to ensure that Petitioner is not held in custody on grounds found unlawful by this court or in contravention of the declaratory judgment in Guerrero Orellana. See Arbe Vilchez v. Moniz, No. 26-cv-10571-IT, 2026 WL 381828, at *2–3 (D. Mass. Feb. 11, 2026); Moura v. Moniz, No. 25-cv-14011-IT, 2026 WL 177862, at *4 (D. Mass. Jan. 22, 2026).

Accordingly, pursuant to this court's jurisdiction under 28 U.S.C. § 2241, and consistent with the declaratory judgment ordered in Guerrero Orellana, the Petition [Doc. No. 1] is GRANTED as follows:

No later than March 27, 2026, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a), Respondents shall so advise the court by that date so that his court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention.

Respondents shall submit a status report on this matter no later than March 31, 2026.

IT IS SO ORDERED.

March 20, 2026                                  /s/ Indira Talwani
                                                United States District Judge

3